## COLUMBUS, DELAWARE & MARION ELECTRIC CO v BROWN

Ohio Appeals, 3rd Dist, Marion Co

No 768.  Decided Jan 8, 1932

William P. Maloney, Marion, for Plaintiff in Error.

Frank Wiedemann, Marion, for Defendant in Error.

JUSTICE, PJ.

It is the position of the plaintiff in error that in the absence of an ordinance or ordinances requiring it to keep the pavement on David Street between its rails, in repair and free from nuisance, and requiring it to keep its rails level with the grade of the street, no duty devolved upon it to so do, and hence no liability exists even if plaintiff was directly and proximately injured by reason of the existence of said hole and the position of said rails.  To this proposition we do not accede.  Admittedly, the defendant was occupying a portion of David Street and the presumption is that its occupation and use was lawful. It, therefore, was its duty, even in the absence of an ordinance requiring it to so do, to keep the portion of said street so occupied and used by it, in repair and free from nuisance to the end that plaintiff and others lawfully using said portion of the street would not be injured. Volume 25 Ruling Case Law, page 1173, §83.  The trial court, therefore, did right in refusing to direct a verdict for the defendant.

The trial court instructed the jury in part, as follows:

"It was the duty of the railroad company to keep its tracks and paving in between the rails and a foot on each side thereof, in repair and free from nuisance, and in a reasonably safe and suitable condition for public travel."

This instruction is correct. We quote the following excerpt from Volume 25 Ruling Case Law, page 1173:

"The space which it is the duty of the railroad company to keep in repair is that space between the tracks and outside the tracks as far as the ends of the crossties on which the track rests."

The last claim of error challenges the sufficiency of the evidence. In order to dispose of this assignment of error, we were required to, and have, read the entire record.

Upon the issues of negligence and proximate cause, Justice, PJ, and Crow, J, are of the opinion that the verdict is against the decided weight of the evidence. They, therefore, vote to reverse the judgment and remand the cause for a new trial. Klinger, J, however, is of a contrary opinion. Under the constitution, the verdict and judgment, therefore, can not be disturbed by this court. **Article IV, §6, Constitution of Ohio.**

All other claims of error have been noted and found to be without merit.

Entertaining these views, it follows that the judgment below should be affirmed. Judgment affirmed.

CROW and KLINGER, JJ, concur.